EVERETT HOUSE, IMPLEADED, ETC.,

v.

AMALIA BEAK ET AL., FOR USE, ETC.

*Account Stated—Evidence Sufficient to Establish—Receipts for Goods, Effect of.*

1. Undisputed evidence that an account had been presented to and left for a time with a defendant five years before trial, that thereafter such defendant had been repeatedly importuned for payment, that no objection had been made to any item in the account, and that defendant had, long before suit, gone out of business, held, in the case presented, to have been sufficient to sustain a claim of an account stated.

2. Receipts for goods given in the regular course of business, no complaint having been made, for years, that they were incorrect or improperly given, are *prima facie* evidence of the truth of their contents, although it does not appear that the persons signing them had any knowledge of the contents of the packages receipted for, other than appeared from their markings.

[Opinion filed February 9, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

This was an action of assumpsit. The declaration contained, among others, a count for an account stated. It was shown that the parties for whose use the action was brought, sent to the defendants the following letter:

BEAK & BUCHER, 112 Clark Street, room 504.

CHICAGO, Dec. 26, 1885.

SEA & Co., 122 State Street.

*Dear Sir :*—I hand you herewith, account with Beak & Bucher against you, duly assigned to me. When due, you will please remit to me at above address, care of my attorneys, Messrs. Weigley, Bulkley & Gray.

The assignment on the face of the account will be my authority for drawing on you when the amount becomes due.

Respectfully yours,

WIGHT BROS.

Mr. Gray, a witness for plaintiffs, testified :

" I went to see Mr. Sea the Monday morning after Christmas, about half-past eight or a quarter of nine, and told him that this account of Beak & Bucher's had been assigned to Wight Bros., and that the payment of the same should be made at our office. As I recollect it now, he took the account and said ' all right.' That was all there was of it. I left this statement with Mr. Sea personally, at the time, but afterward got it back to our office in some way. We dunned him for payment, wrote him, interviewed him, but he did not pay. I do not know Everett House, the defendant, the only defendant who is defending this case. I am one of the firm of Weigley, Bulkley & Gray, counsel for plaintiffs. I should say that I left those papers with Mr. Sea; that is the best of my recollection. I can swear positive ly that I made them out for Sea."

The account so presented showed a balance due Dec. 26, 1885, from Sea & Co., of $3,746.53 for goods consigned, and of $384.48 for goods sold; it was shown that Sea & Co., the defendants, were in the habit of buying large amounts of goods from the plaintiffs, and that large quantities of goods were delivered by plaintiffs to defendants.

Receipts given by defendants for goods to the amount of $3,640.30 were introduced, but it was not shown that the parties who signed the receipts for defendants inspected the packages, or had any knowledge as to the value of the contents other than the figures on the outside thereof. The books of the plaintiffs were introduced and these showed a sale of goods to the amount of $2,287.82, and credits to the amount of $1,904.44, leaving a balance of $385.38 for goods sold; the books showed items of goods consigned to the amount of $6,832.03 and credits of $3,097.50, leaving a balance for goods consigned of $3,734.53. As to consigned goods the arrangement was that Sea & Co. were to pay for goods when they sold them, and what was not sold they would return. Before the commencement of this suit the firm of Sea & Co. had dissolved and become insolvent. The last charge for goods was made December 22, 1885; the account was presented shortly afterward and this suit was begun in April, 1889. The jury

found a verdict for $4,089.91 for the plaintiffs; upon this there was judgment.

Messrs. Flower, Smith & Musgrave, for appellant.

Messrs. Weigley, Bulkley & Gray, for appellees.

Waterman, P. J.   Upon the undisputed evidence that this account five years before trial had been presented to and left for a time with one of the defendants, that thereafter such defendant had been repeatedly importuned for payment, that no objection had ever been made to a single item and that the defendants had long before suit was brought, gone out of business, we think that the jury could not have done otherwise than return the verdict for the plaintiffs they did; such evidence was ample to sustain the claim for an account stated. This view of the case renders unnecessary a discussion of whether the books of account were or were not properly a lmitted.

It may properly be added that, in addition to the evidence of an account stated, receipts of the defendants acknowledging the reception of goods to the amount of $3,640.30 were shown; in addition to these there were other receipts having no value marked thereon.   While it is true that it did not appear that the person signing these receipts had any knowledge of the contents or value of the packages for which they gave receipt, other than that derived from marks on the outside of such packages, yet we think where packages are so received and receipts given in the regular course of business, and no complaint or objection is made by the party so receiving, that after the lapse of years, the burden is thrown upon the party whose receipts were thus made, to show that they were either made under a misapprehension or improperly given.

So as to the goods consigned; these, it appears, were not consigned to be sold on account; they were simply billed at a fixed price; all that the defendants obtained above this was theirs; if they did not sell they could return.   There is no pretense that they made any return; five years have

elapsed since the account was presented to them; no objection was ever made to it.    After all this time the burden is thrown upon defendants of showing what has become of these goods. All the surroundings of the transaction go to show that the claim of the plaintiffs is a just one.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*